LEWIS J. DARE AND WINFIELD S. CLARK, PLAINTIFFS
v. ATLANTIC CITY ELECTRIC COMPANY, DEFENDANT.

Argued October 5, 1927—Decided January 5, 1928.

Before Justices PARKER, MINTURN and CAMPBELL.

For the rule, *Thompson & Hanstein*.

*Contra, Francis A. Stanger, Jr.*

PER CURIAM.

The suit was to recover for the loss from fire alleged to
have been caused by the negligence of the servants of defend-
ant in setting, controlling and guarding a fire on its lands.

Dare sued for the loss of his barn and has a verdict for
$1,900, and Clark sued for loss of personal property con-
tained in the barn and consumed by the fire and has a ver-
dict of $1,296.50.

The fire was started on defendant's lands at about eight-
thirty of the morning of February 22d, 1927, the material
burned being some old lumber making a heap five feet long
by three high and three wide, and was built up against the
trunk of an old decayed tree lying upon the ground. This
was at a distance of from two hundred and eighty-five to two
hundred and ninety-five feet from the barn of plaintiff.

The barn did not burn until twelve-thirty to one o'clock
of the morning of February 23d. The last evidence of fire
on defendant's land was testified to as having been seen at

about nine o'clock of the night before, when it is said there was still a small fire there sending up sparks that carried about fifteen feet.

The fire in plaintiff's barn seems to have been discovered by one Schultz who left his home to go to work about twelve-thirty A. M. of February 23d, who, upon approaching the barn, smelled smoke and heard the live stock making a noise and then saw a tongue of flame coming from the top of the barn roof at the east end, and the whole building burst into flames almost immediately thereafter.

These verdicts are sought to be set aside:

1. Because the trial court erred in refusing to nonsuit and direct a verdict upon the ground that there was no evidence of negligence, and

2. Because the verdicts are against the weight of the evidence.

We are passing the question as to whether a nonsuit or direction of verdict should have been granted, although it is difficult, if not impossible, to find any evidence warranting the sending of the cause to the jury, and passing to the complaint that the verdicts are against the weight of the evidence, which we have no difficulty in finding to be so.

The verdicts in question could only be reached by the utmost degree of speculation on the part of the jury.

The rule to show cause is therefore made absolute.